# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| Anissa Davis,<br><br>             Plaintiff,<br><br>– against–<br><br><br>Santander Bank, N.A., and Vital Recovery Services, LLC,<br><br>             Defendant(s). | Civil Action No.<br><br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Anissa Davis (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Santander Bank, N.A. and Vital Recovery Services, LLC, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Anissa Davis, is an adult citizen of the state of Illinois, domiciled in Chicago, IL.

3. Defendant, Santander Bank, N.A. ("Santander"), is a financial institution that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 824 North Market Street, Suite 100, Wilmington, DE 19801.

4. Defendant, Vital Recovery Services, LLC ("Vital Recovery"), is a for profit business entity organized and existing under the law of Georgia that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 3795 Date Drive Suite 200, Peachtree Corners, GA, 30092. The principal business purpose of Vital Recovery is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Vital Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

8. Venue is proper in Delaware pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

9. Vital Recovery attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Santander.

10. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

11. On or about February 25, 2016, Plaintiff and Vital Recovery, on behalf of Santander, entered into a settlement agreement for Plaintiff's Santander account ending in 71000. A copy of the settlement agreement is attached herein as Exhibit A.

12. Pursuant to the terms of the settlement, Plaintiff was required to make twelve (12) payments totaling $6,724.00 to settle and close her Santander account.

13. Thus, Defendants acknowledged in writing that they had agreed to a settlement on Plaintiff's account, in consideration of the payments which Plaintiff would be required to make.

14. Plaintiff via her debt settlement law firm, the Law Offices of Robert S. Gitmeid & Assoc., PLLC ("Gitmeid"), timely made the first two settlement payments.

15. However, Defendants never withdrew these electronic payments from Plaintiff's trust account. A statement of Plaintiff's trust account during the relevant time period is attached herein as Exhibit B.

16. Although the funds were made available for Defendants, the payments were never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account.

17. Thereafter, on May 3, 2016, Gitmeid contacted Vital Recovery to resolve the payment discrepancy; a Vital Recovery representative named Toya explained that the account was recalled by Santander.

18. Defendants' reneging on the settlement agreement with Plaintiff constitutes a breach of contract.

19. Vital Recovery knew or should have known that its actions violated the FDCPA. Additionally, Vital Recovery could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

### **COUNT I**
(Breach of Contract)

22. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

23. Defendants acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of the settlement payments, which Plaintiff would be required to make.

24. The settlement agreement constituted a contract.

25. Plaintiff timely made the first two requisite payments, in accordance with the agreement.

26. Although the funds were made available for Defendants, the payments were never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account.

27. Defendants' reneging on the settlement agreement with Plaintiff constitutes a breach of contract.

28. As a result, Plaintiff has suffered actual and monetary damages.

## COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

29. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

30. Defendants owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement with Plaintiff.

31. By way of the foregoing conduct, Defendants breached the implied covenant of good faith and fair dealing that they owed to Plaintiff with respect to the settlement agreement.

32. Defendants have acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform its obligations under the settlement agreement.

33. As a result of Defendants' breach, Plaintiff has suffered actual and monetary damages.

## **COUNT III**
(Fair Debt Collection Practices Act)

34. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

35. The above contacts between Vital Recovery and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

36. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

37. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

38. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

39. Vital Recovery violated the above provisions of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach.

40. Vital Recovery knew or should have known that its actions violated the FDCPA. Additionally, Vital Recovery could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

41. As a result of the above violations of the FDCPA, Vital Recovery is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendants as follows:

(a) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of Defendants' breach of contract;

(b) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of Defendants' breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Vital Recovery for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Vital Recovery for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

*/s/ Antranig Garibian, Esquire*
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*